UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS C. TABORELLI,

     Plaintiff,

v.                                                                  Case No. 03-74984

ROBERT RUSSELL, SCOTT ANSPACH,     Honorable Patrick J. Duggan
THOMAS MATTHEWS, ANN
FLANAGAN, and ELENA SACLAYAN,
jointly and severally,

     Defendants.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on March 17, 2006.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff Thomas Taborelli, a pro se prisoner who, at the times relevant to this action,

was incarcerated at the Huron Valley Center (HVC) in Ypsilanti, Michigan, a psychiatric

hospital facility within the Michigan prison system.  On December 22, 2003, Plaintiff filed

the instant Complaint pursuant to 42 U.S.C. § 1983 against Defendants.  Defendants Scott

Anspach, Robert Russell, and Thomas Matthews were HVC Security Aides.  Defendants Ann

Flanagan and Elena Saclayan were nurses at HVC.  In his Complaint, Plaintiff alleges that

Defendants violated his Eighth Amendment constitutional rights by assaulting him and

failing to properly attend to his injuries.

In an Opinion and Order dated September 8, 2004, this Court dismissed without prejudice Defendants Flanagan and Saclayan, as well as all of Plaintiff's medical care claims, for failure to exhaust administrative remedies. On March 16, 2004, this Court referred all pretrial matters in this case to Magistrate Judge Paul Komives. On March 15, 2005, the remaining Defendants, Defendants Anspach, Russell, and Matthews, filed a Motion for Summary Judgment. On February 8, 2006, Magistrate Judge Komives issued a Report and Recommendation (R&R) recommending that this Court grant Defendants' Motion for Summary Judgment and dismiss Plaintiff's remaining claims, the assault claims against Defendants Anspach, Russell, and Matthews. Plaintiff filed objections to the R&R on March 1, 2006.[1]

## STANDARD OF REVIEW

The court may "accept, reject, or modify the recommended decision." FED. R. CIV. P. 72(b). As to the parts of the R&R to which no party has objected, the Court need not conduct a review by any standard. *Key v. Grayson*, 163 F. Supp. 2d 697, 701-02 (E.D. 2001). The parts of the R&R to which Plaintiff objects will be reviewed by the Court *de novo*. *See* FED.

---

[1] Magistrate Judge Komives's R&R informed the parties that the failure to file specific objections to the R&R within ten days of service of a copy of the R&R constitutes a waiver of any further right to appeal. Plaintiff contends that he did not receive a copy of the R&R until February 16, 2006, because the legal document was mistakenly sent to another facility. Although Plaintiff's objections were not filed until March 1, 2006, the objections are dated February 23, 2006. The Sixth Circuit Court of Appeals has held that the prison mailbox rule of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988), applies to objections to a magistrate's report and recommendation. *Walker v. City of Lakewood*, 35 F.3d 567, 1994 WL 462137 (6th Cir. Aug. 25, 1997). Consequently, applying the prison mailbox rule, Petitioner timely filed his objections.

R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).  However, the court "is not required to articulate all of the reasons it rejects a party's objections."  *Id.* (citations omitted); *see also Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

## DISCUSSION

The R&R concludes that Plaintiff has failed to establish that Defendants' conduct was cruel and unusual punishment in violation of the Eighth Amendment.  Plaintiff filed the following objections to the R&R: because HVC is a psychiatric facility, not a prison, and because Defendants are staff members of this facility, not prison guards, Magistrate Judge Komives applied the wrong standard in analyzing Plaintiff's Eighth Amendment claim.

HVC is a psychiatric facility within the Michigan prison system.  Although HVC's  is operated by the Michigan Department of Community Health, it is under contract with the Michigan Department of Corrections.  It was created pursuant to the consent decree entered in *Hadix v. Johnston*, United States District Court Western District of Michigan, No. 4:92-CV-110.  Therefore, for the purposes of analyzing Plaintiff's 42 U.S.C. § 1983 claim against Defendants, Magistrate Judge Komives properly treated HVC as a prison.

Moreover, Defendants, although they are not Department of Corrections employees, are Forensic Security Aides, whose function was to maintain security at HVC.  Because Plaintiff was in the custody of the Department of Corrections, serving his sentence at a prison psychiatric facility, the Court believes that Magistrate Judge Komives applied the proper standards in analyzing Plaintiffs' Eighth Amendment claim against Defendants.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED.**

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Thomas C. Taborelli
# 154922
Ionia Maximum Correctional Facility
1576 W. Bluewater Hwy.
Ionia, MI 48846

Margaret A. Nelson, Esq.


Magistrate Judge Paul Komives